IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMONTROUS WITCHER | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv387 |
| DR. EDGAR HULIPAS, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Demontrous Witcher, an inmate at the Jester III Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Dr. Edgar Hullipas and Transportation Officer Sykes.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff claims Dr. Edgar Hulipas, the Medical Director at the Jester III Unit, failed to provide him with continuing treatment and adequate pain medication. Further, plaintiff claims defendant Sykes, a transportation officer at the Jester III Unit, improperly failed to use a seatbelt on him during transportation on May 5, 2022.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

Plaintiff does not assert jurisdiction is based on diversity of citizenship. When jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. At the time of the incidents which form the basis of plaintiff's complaint he was confined at the Jester III Unit located in Richmond, Fort Bend County, Texas. Further, the prison defendants are employed at the Jester III Unit. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Fort Bend County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). In accordance with 28 U.S.C. § 124, Fort Bend County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, Houston Division.

As Fort Bend County is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas, venue in the Eastern District of Texas is not proper. When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 22nd day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge